## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-10096-JLK

PATRICIA CUMMINS, on behalf of
and as trustee of the PATRICIA A.
CUMMINS REVOCABLE LIVING
TRUST,

    Plaintiff,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Count II ("Motion") (D.E. 4). Plaintiff has failed to respond to the Motion, and the time for doing so has since passed. Notwithstanding Plaintiff's failure to file a response to the Motion, which under the Local Rules for the Southern District, is sufficient cause to grant the Motion by default, the Court grants Defendant's Motion on the merits.

### I. Background

Plaintiff filed this action in the Sixteenth Judicial Circuit in and for Monroe County, Florida, asserting two causes of action: Count I, Breach of Contract, and Count II, Petition for Declaratory Relief (D.E. 1-2). On June 29, 2018, Defendant filed a Notice of Removal, which removed the matter to this Court (D.E. 1). Plaintiff's Complaint alleges that as a result of Hurricane Irma, Plaintiff's property, the subject of the insurance policy with Defendant, was damaged (D.E. 1-2, at ¶¶ 5-6). Count I alleges Defendant refused to pay the full amount of the claim and/or failed to repair the property in a reasonable amount of time, in breach of the

insurance policy in question. *Id.* at ¶ 10. Count II alleges, *inter alia*, that she is in doubt as to the rights under the insurance policy. *Id.* at ¶ 17.

## II. Legal Standard

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss, the Court must accept a complaint's well-pled allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such allegations must be construed in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

## III. Discussion

"The purpose of a declaratory judgment is to afford parties relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations." *Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1192 (Fla. 1995). Under Chapter 86, "[a]ny person claiming to be interested or who may be in doubt about his or her rights" under a contract . . . "may have determined any question of construction or validity . . . and obtain a declaration of rights, status, or other equitable or legal relations thereunder." Fla. Stat. § 86.021. However, a declaration by the Court is discretionary. *Travelers Ins. Co. v. Emery*, 579 So. 2d

798, 800 (Fla. 1st DCA 1991). Parties to a declaratory judgment action must "have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law." *Coal. for Adequacy & Fairness in School Funding, Inc. v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996). "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, and rest in the future." *Santa Rosa*, 661 So. 2d at 1193 (internal citations omitted).

"A court must dismiss a claim for declaratory judgment if it is duplicative of a claim for breach of contract and, in effect, seeks adjudication on the merits of the breach of contract claim." *Miami Yacht Charters, LLC v. Nat'l Union Fire Ins. Co.*, CASE NO. 11-21163-CIV-GOODMAN, 2012 U.S. Dist. LEXIS 57041, at *5 (S.D. Fla. Apr. 24, 2012); *Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) ("a court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court.").

The Court declines to exercise jurisdiction over Plaintiff's declaratory judgment claim. The Court finds that both counts relate to whether Defendant breached its contractual obligations and failed to pay the amount due to Plaintiff in accordance with the terms of the policy in question. Accordingly, dismissal of Count II of the Complaint is warranted.

Therefore, after careful review of the record, and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion to Dismiss Count II **(D.E. 4)** is **GRANTED**.

3

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 23rd day of August, 2018.

```
             _____
             JAMES LAWRENCE KING
             UNITED STATES DISTRICT JUDGE
```

cc: All counsel of record